UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TREY COCKRELL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:21-cv-1260 JAR |
| ) | |
| JOHSUA BOWERSOX, et al., ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT ST. LOUIS COUNTY, DEFENDANT FORMER POLICE CHIEF JON BELMAR, AND DEFENDANT FORMER POLICE CHIEF TIMOTHY FITCH MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE**

Comes now Defendant St. Louis County, Defendant Former Police Chief Jon Belmar, and Defendant Former Police Chief Timothy Fitch (collectively "County Defendants"), by and through their counsel of record, The St. Louis County Counselor's Office and Matthew W. Huckeby, Associate County Counselor, and in support of the Motion of Defendants to Dismiss or, in the alternative, for More Definite Statement and Motion to Strike, states as follows:

**PRELIMINARY STATEMENT**

Plaintiff Trey Cockrell ("Plaintiff") filed this action on October 21, 2021 pursuant to 42 U.S.C. Section 1983. Plaintiff alleged an array of constitutional violations stemming from a police-involved shooting that occurred November 20, 2018 in where Plaintiff was shot by police officers from the Cities of Brentwood, Clayton, and/or Richmond Heights,

suffering multiple gunshot wounds. (Plaintiff's Complaint, *passim*).  On November 19, 2021 this Court granted Defendants' request for an extension of time to file responsive pleadings.

St. Louis County is a constitutional charter county within the State of Missouri organized pursuant to Missouri Constitution, Art. VI, Section 18.  Former Police Chief Jon Belmar was the former St. Louis County Police Chief from January 31, 2014 to April 30, 2020. Former Chief Belmar no longer works for St. Louis County. Defendant Timothy Fitch was appointed to the full-time Police Chief position on June 10, 2009 and retired from law enforcement on February 1, 2014.  Former Police Chief Timothy Fitch is now a county councilman in St. Louis County.

## **LEGAL STANDARD**

A party may move under Rule 12(b)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted.  The purpose of a motion to dismiss is to test the sufficiency of a complaint. *M. M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F. 3d 872, 876 (8th Cir. 2010).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*internal citations omitted.*)  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*internal citations omitted.*). "Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Id.* (*internal citations omitted.*) While Defendant recognizes that the Federal

Court requires only Notice pleading, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." However, the Court need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts. *See Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (*internal citations omitted*).

## ARGUMENT

Plaintiff's complaint should be dismissed as to Defendants St. Louis County, Defendant Former Police Chief Jon Belmar, and Defendant Former Police Chief Timothy Fitch because: (1) Plaintiff's Complaint contains conclusory statements and indeterminate allegations that support no viable cause of action against the County Defendants; (2) Plaintiff's Complaint fails to state a claim under 42 U.S.C. Section 1983; (3) Plaintiffs claims are barred by sovereign immunity as to Defendant St. Louis County; and (4) Plaintiffs claims are barred by qualified immunity as to Defendants Former Chief Belmar and Former Chief Fitch.

**I. Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants St. Louis County, Former Police Chief Jon Belmar, or Defendant Former Police Chief Timothy Fitch.**

Plaintiff's Complaint is devoid of allegations specifically supporting any viable claim against Defendants St. Louis County, Former Police Chief Jon Belmar, or Former Police Chief Timothy Fitch. Plaintiff's Complaint notably lacks any allegation that a St. Louis County Police Officer was involved in the shooting incident on November 20, 2018. (Plaintiff's Complaint, *passim*). Despite the lack of allegations identifying **how** any St.

Louis County employee, Former Police Chief Jon Belmar, or Defendant Former Police Chief Timothy Fitch had **any** direct, indirect, or supervisory involvement in the events of November 20, 2018, Plaintiff seeks to assert claims against the County Defendants.

Merely including references to the County Defendants in conclusory fashion without any factual allegations sufficient to support such conclusion is insufficient under the law and, thus, lacks facial plausibility. *See Iqbal*, 556 U.S. at 678 (2009) ("Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice.") (*internal citations omitted*.); *Engel v. Desoto City Council*, No. 4:20-CV-01731-AGF, 2021 WL 243561, at *4 (E.D. Mo. Jan. 25, 2021) ("Simply placing a defendant's name in the caption is not enough to assert their responsibility.") *citing Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) *and Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003). For this reason alone, Plaintiff's Complaint must be dismissed as to Defendants St. Louis County, Former Police Chief Jon Belmar, or Former Police Chief Timothy Fitch.

## II. Plaintiff's Complaint Fails to State a Cause of Action under 42 U.S.C. Section 1983 as to Defendants St. Louis County, Former Police Chief Jon Belmar, or Defendant Former Police Chief Timothy Fitch.

Plaintiff's complaint fails to plead facts that support a claim under 42 U.S.C. 1983. "The essential elements of a [42 U.S.C.] § 1983 claim are (1) that the defendant(s) **acted** under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020) (emphasis added). Section 1983 provides that "any person who, under color of state law, subjects any citizen of the United States to deprivation of any rights secured by the

Constitution or laws of the United States, shall be liable to the party injured in an action at law or equity." *Pottgen v. Missouri State High Sch. Activities Ass'n*, 40 F.3d 926, 931 (8th Cir. 1994). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff merely alleges in conclusory fashion that County Defendants and co-defendants from multiple independent jurisdictions within the St. Louis Metropolitan area are **collectively liable for the deprivation of Plaintiff's constitutional rights** on the night he was shot by municipal police officers from the Cities of Brentwood, Clayton, and Richmond Heights on the basis of alleged policy and training failures. In doing so, Plaintiff effectively concedes that he has no direct claim against Defendants St. Louis County, Former Police Chief Jon Belmar, or Former Police Chief Timothy Fitch.

The allegations set forth in Plaintiff's Complaint similarly fail to support a claim of supervisory liability under 42 U.S.C. Section 1983 as to Defendants St. Louis County, Former Police Chief Jon Belmar, or Former Police Chief Timothy Fitch. To state a claim for supervisory liability under Section 1983 for a failure to train, supervise and/or discipline, the Plaintiff must plead: (1) notice of **a pattern of unconstitutional acts** committed **by subordinates**; (2) deliberate indifference to or tacit authorization of those acts; (3) failure to take sufficient remedial action; (4) proximate cause of the plaintiff's injury. *Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012) (emphasis added); *White v. City of St. Louis*, 2019 WL 6022259 *12 (E.D. Mo. December 31, 2019), (*citing Atkinson*

*v. City of Mountain View, Mo.*, 709 F.3d 1201, 1216 (8th Cir. 2013) ("A court analyzes a claim for failure to supervise the same way it analyzes a claim for failure to train."); *Hinesley v. City of Lake Ozark*, 2010 WL 3613996, *28-29 (Mo. App. W.D. September 8, 2010) (adopting Texas rule that "alleges failures to control and discipline are a failure to supervise."). With regard to the first element, "[a]llegations of generalized notice are insufficient" and plaintiff must plead allegations that the prior alleged unconstitutional acts are "very similar" to the conduct at issue in order to survive a motion to dismiss. *Id.*

Here, Plaintiff fails to sufficiently plead factual allegations supporting his contention that **the County Defendants**, collectively or individually, **had notice** of a pattern of unconstitutional acts committed by **their own** subordinates, that **the County Defendants** demonstrated deliberate indifference to or tacit authorization of those acts, or that the County Defendants **were capable** of taking sufficient remedial action and failed to do so. It is inconceivable that Plaintiff can allege the County Defendants were **on notice** and **capable of acting** on that notice when, in fact, Plaintiff does not allege that **any** St. Louis County Police Officer or other subordinate of the County Defendants was involved in the shooting incident on November 20, 2018. (Plaintiff's Complaint, *passim*).

Further, under the circumstances pled, Plaintiff fails to allege exactly how the County Defendants are the proximate cause of Plaintiff's injuries. Plaintiff's Complaint fails to sufficiently plead that the County Defendants actions and/or inaction were the proximate cause of the plaintiff's injury (*i.e.* that the County Defendants' actions or failure to act caused the alleged injuries to Plaintiff).

Moreover, these elements must be individually satisfied against each supervisor defendant. See *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Kaprielian v. Stringer*, 2016 WL 1586488, at *5-6 (E.D. Mo. April 20, 2016) (each element must be supported by non-conclusory, specific factual allegations).

Here, Plaintiff has failed to state a claim under 42 U.S.C. Section 1983 as to Defendants St. Louis County, Former Police Chief Jon Belmar, or Former Police Chief Timothy Fitch. Therefore, plaintiff's complaint should be dismissed against the County Defendants in all capacities.

### III. Assuming Assuming *arguendo* that Plaintiff has sufficiently plead a claim, Plaintiff's claims are barred by Sovereign and/or Qualified Immunity.

Finally, even assuming *arguendo* that any potential claims against Defendants St. Louis County, Former Police Chief Jon Belmar, or Former Police Chief Timothy Fitch were properly plead, which they have not, such claims are barred by the doctrines of sovereign and/or qualified immunity. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Since Defendants Former Chiefs Belmar and Fitch were previously employed by the County, the official capacity Section 1983 claims are actually against the County. *Id*. However, a municipality, such as the County, cannot be held liable under 42 U.S.C. § 1983 simply because it employs an alleged tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018).

Here, the Plaintiff fails to allege (1) that the County acted, and (2) if the County did act, how it did so. Plaintiff fails to allege how either Former Chiefs Belmar or Fitch acted to cause Plaintiff's injury, or that either even had the authority to issue directives or act in an official capacity under the circumstances of the alleged events on November 20, 2018. Additionally, Plaintiff fails to allege how the County failed to promulgate policies, train, supervise, screen, discipline, transfer, counsel, and/or otherwise control police officers who were neither County employees nor under the County's "control" as required under the law. As such, Plaintiff's Complaint should be dismissed against all County Defendants.

### IV. **Plaintiff's Claims are Barred by Sovereign Immunity.**

Furthermore, again assuming that Plaintiff has properly plead claims against the individual County Defendants, which he has not, Plaintiff's claims are also barred by the principle of qualified immunity. Government officials performing discretionary functions are shielded from liability for civil damages by qualified immunity so long as their "conduct does not violate clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). In other words, to decide whether an official is protected by qualified immunity, a court must determine whether the official's action was objectively legally reasonable in the light of the legal rules that were clearly established at the time the action occurred. *Anderson v. Creighton,* 483 U.S. 635, 639 (1987); *Jacobson v. Klinefelter*, 992 F.3d 717, 721 (8th Cir. 2021). In *Siegert v. Gilley,* the Supreme Court announced that the threshold question in analyzing a qualified immunity claim is whether the plaintiff has

alleged the violation of a constitutional right. 500 U.S. 226, 231 (1991); *see also Peterson v. City of Plymouth,* 945 F.2d 1416, 1419 (8th Cir.1991); *Cole v. Bone*, 993 F.2d 1328, 1332 (8th Cir. 1993). The Court stated that a "necessary concomitant to the determination of whether the constitutional right asserted by a plaintiffs is 'clearly established' at the time the defendant acted is the determination of whether a plaintiff has asserted a violation of a constitutional right at all." *Siegert,* 111 U.S. at 232.

Here, Plaintiff has not alleged 1) that Defendant Belmar or Fitch acted and 2) how exactly Defendant Belmar and Fitch, if they did act, deprived Plaintiff of a clearly established constitutional right as required in *Anderson*. 483 U.S. at 639. (Plaintiff's Complaint, *passim*). Plaintiff fails to cite how either former Police Chiefs acted to cause Plaintiff injury, or that either had the authority to issue directives or act in an official capacity under the circumstances alleged on November 20, 2018. (Plaintiff's Complaint, *passim*). Additionally, Plaintiff fails to allege how the two Former Police Chiefs failed to promulgate policies, train, supervise, screen, discipline, transfer, counsel, and/or otherwise control of police officers who were neither subordinate to Defendants Belmar or Fitch, and were not alleged to be County employees nor under the County's "control" as required under the law.

Once again, merely naming individuals in a complaint without any allegations as to how the individual was personally involved in the action is insufficient to plead a claim under the law. *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who

were not alleged to have been personally involved in the constitutional violations). As such, Plaintiff's Complaint should be dismissed against Defendants Belmar and Fitch.

### V. Motion For More Definite Statement and Motion to Strike

In the alternative, should the Court not dismiss this action for failure to state a cause of action, County Defendants support the position of their co-defendants who have filed motions for more definite statement inasmuch as Plaintiff's Complaint is vague, ambiguous, unnecessarily voluminous, contains repetitive redundant allegations, does not state Plaintiff's allegations clearly and concisely relative to each named defendant, and contains significant drafting errors impairing County Defendants ability to reasonably prepare a response.

Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." This short and plain statement must provide "fair notice of the plaintiff's claim and grounds for relief." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) *citing Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir.1994); *see also Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir.1974). Rule 12(e) of the Federal Rules of Civil Procedure permits a Defendant to file a Motion for More Definite statement of a pleading to which a response is permitted, but which is so vague or ambiguous that the responding party cannot reasonably prepare a response. Rule 12(f) provides a Court "may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission

in the complaint that renders it unanswerable." *Tinder v. Lewis Cty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (internal citation omitted). Such an ambiguity is prolific throughout the Plaintiff's Complaint in this case as articulated in the Defendants' motion.

Here, Plaintiff makes no meaningful attempt to provide simple, clear, and concise allegations of fact, or to submit paragraphs "limited as far as practicable to a single set of circumstances." Counts I-III incorporate by reference 360, 381, and 405 paragraphs of allegations, respectively.  Plaintiff's claims against the respective Defendants are indeed unintelligible given the underlying deviations from Rule 8 and 10.  The method of attempting to incorporate hundreds of underlying allegations into all counts, and the failure to carefully and/or consistently explain which Counts are directed against each such Defendant in particular prevent Defendants from ascertaining what allegations are made against each of them.  In the Complaint, Plaintiff simultaneously creates arbitrary groups of defendants for some ostensible (but not apparent) purpose, but also treats all Defendants and co-defendants as indistinct from one another.  Throughout Plaintiff's Complaint, Plaintiff treats all County Defendants as indistinguishable from other co-defendants, but again, simply provides the unsubstantiated conclusion that the County Defendants are liable for co-defendants actions without citing the legal mechanism or facts that provide the basis for liability.  (Plaintiff's Complaint, *passim*).

As stated in Defendants motion to dismiss for failure to state a claim, a government official can only be found liable for his own individual actions in violation of the constitution. *Iqbal*, 556 U.S. at 663.  Therefore, a Complaint must allege what actions that

individual took, rather than levelling omnibus allegations, vague conclusions, unsupported statistics and argument. Accordingly, should the Court deny the County Defendants' Motion to Dismiss, the movants seek much-needed clarity through this alternative motion for more definite statement. Plaintiff's Complaint is plainly not in a form which fairly invites or allows for a meaningful response from Defendants. Pursuant to Rule 12(e), County Defendants respectfully request that this Court require Plaintiff to provide a more definite statement as to the factual allegations and the respective counts and legal theories lodged against each respective defendant named in this pleadings.

Furthermore, and as stated above, Plaintiff's Complaint includes many matters that are impertinent, redundant, and immaterial. At a minimum, pursuant to FRCP 12(f), the matters specifically mentioned in the County Defendants' motion (which are not a comprehensive statement of such matters alleged that should be stricken) should be stricken from Plaintiff's Complaint prior to Defendants being required to provide an Answer to this lawsuit. Courts have stated that Rule 12(f) Motions to Strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." *See Rogers v. Gaston*, 2021 WL 150206 at *2 (W.D. Mo. 2021). The matters cited by Defendants in their motion and mentioned, cited, and argued in Plaintiff's Complaint have nothing to do with the claims that Plaintiff appears to be making in this case. For this reason, Defendants respectfully request that the matters cited in Defendants' motion be stricken.

## CONCLUSION

Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted according to Fed. R. Civ. P. 12(b)(6), along with this memorandum in support of that motion to dismiss. Plaintiff has not pled facts sufficient to give the defendant fair notice as to the claim and the grounds upon which those claims rest, as is required by Fed. R. Civ. P. 8(a). Plaintiff did not plead facts showing he is entitled to relief under 42 U.S.C. § 1983 or any other cognizable claim, nor has he alleged facts to support an exception to the County Defendants' sovereign and/or qualified immunity. Accordingly, Plaintiff's complaint must be dismissed as a matter of law as to Defendants St. Louis County, Former Chief Belmar, and Former Chief Fitch.

Alternatively, Defendant requests that Plaintiff be required to make his Complaint more definite and certain as stated herein, and/or that this Court strike certain allegations made in Plaintiff's Complaint, including but not necessarily limited to the examples cited in Defendants motion.

WHEREFORE, the County Defendants request that this Honorable Court enter its Order dismissing Plaintiff's Complaint in its entirety as to Defendants St. Louis County, Former Police Chief Jon Belmar, and Former Police Chief Timothy Fitch, or in the alternative for a more definite statement and to strike allegations from Plaintiff's Complaint and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

BETH ORWICK
COUNTY COUNSELOR

*/s/ Matthew W. Huckeby*
Matthew W. Huckeby, MBE #61978MO
Associate County Counselor
St. Louis County Counselor's Office
St. Louis County Government Building
41 S. Central, Ninth Floor
Clayton, MO 63105
(314) 615-7036; (314) 615-3732 (fax)
MHuckeby@stlouiscountymo.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Motion to Dismiss was filed via the Court's Electronic Filing System on December 17, 2021, notice of which was provided to all counsel of record via the Court's Electronic Filing System.

*/s/ Matthew W. Huckeby*
Matthew W. Huckeby, #61978MO
*Attorney for Defendants*